UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY XAVIER HOUSTON,<br><br>    Petitioner,<br><br> v.<br><br>NORTH KERN STATE PRISON,<br><br>    Respondent. | No. 1:21-cv-00954-JLT (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

   Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Petitioner is currently incarcerated in Kern County, which is located within the jurisdiction and venue of this court's Fresno Division. However, Petitioner was convicted in the Monterey County Superior Court which is located within the jurisdiction and venue of the San Jose Division of the United States District Court for the Northern District of California. Petitioner appears to challenge the conditions of his confinement while he was a pretrial detainee held in the Monterey County Jail. (*See generally* Doc. 1).

   The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an

1

action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

It appears that Petitioner is complaining about the conditions of his pretrial confinement, which is properly pursued via a civil rights complaint filed under 42 U.S.C. § 1983. Because the events giving rise to the cause of action occurred in Monterey County, which is within the venue of the San Jose Division of the United States District Court for the Northern District of California, Petitioner should have filed the pleading in that court. See 28 U.S.C. § 1391(b)(1)-(2); see also Ziegler v. Indian River County, 64 F.3d 470, 474 (9th Cir. 1995) (reviewing federal court jurisdiction and venue in a § 1983 action). In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, the Court ORDERS that this matter be transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: **June 23, 2021**  \_ **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE